UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. CR607-021 |
| | ) |
| EDWIN WILSON, | ) |
| a/k/a Amos | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is defendant's motion for public funding to obtain the services of a private investigator.[1] (Doc. 34.) For the reasons explained below, defendant's motion is **DENIED**.

Counsel states that during the time charged in the indictment, defendant lived in the Greater Miami area. (Id. at 1.) He had "contacts, work, and doctors appointments" in the Miami area but because he is now incarcerated in the Bulloch County Jail, he is unable to find evidence to defend himself. (Id.) Consequently, counsel requests $1,500 to hire an independent investigator to aid him in locating evidence helpful to his

---

[1] While the statute permits such motions to be filed ex parte, defendant filed his motion with the Clerk (and served the government) without requesting ex parte review or that the matter be sealed.

client's defense. (Id. at 2.)

An indigent defendant is entitled to public funding for the services of an investigator when he establishes that such services are "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). "[T]he defendant bears the burden of demonstrating that [the investigator's] services are necessary to an adequate defense." United States v. Mentzos, 462, F.3d 830, 839 (8th Cir. 2006) (citing United States v. One Feather, 702 F.2d 736, 738 (8th Cir. 1993)); United States v. Sanchez, 912 F.2d 18, 22 (2d Cir. 1990); United States v. Kennedy, 63 F.3d 1465, 1470 (10th Cir. 1995); United States v. Valtierra, 467 F.2d 125, 126 (9th Cir. 1972); United States v. Norwood, 798 F.2d 1094, 1100 (7th Cir. 1986).

Defendant has not carried his burden under the statute for two reasons. First, he has not shown any specific reason why the services of an investigator are necessary to his defense. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978) ("When requesting [public funding for] investigative services, a defendant must show specifically the reasons why the services are necessary.").[2] Here, it is unclear exactly what evidence

---

[2] The decision in Davis was entered prior to 1981. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding

2

defendant hopes to find, why an investigator is necessary to locate it, or how it would be helpful to his defense. The Court is not prepared to expend public funds on a "wild goose chase" based upon a generalized assertion that defendant cannot locate evidence to contest the charges against him.

Second, counsel has not shown that he is unable to locate evidence or witnesses in Miami that would be helpful to his client's defense without the use of an investigator. United States v. Harris, 542 F.2d 1283, 1315 (7th Cir. 1976) (before a court will allow funding for a private investigator, "[c]ounsel must advise the court why it is not practical for him to make the investigation with or without the allowance of expenses."); United States v. Kasto, 584 F.2d 268, 273 (8th Cir. 1978). If defendant has potential witnesses in the Greater Miami area, he should be able to provide counsel with their names. Using traditional location methods (including Internet search techniques), counsel should be able to track down at least some information without the use of an independent investigator. The Court is not inclined to permit defendant to hire an investigator at significant public expense without a particularized account of how traditional methods of

---

precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. Consequently, Davis is binding Eleventh Circuit precedent.

location and investigation have not succeeded.

For all of the reasons explained above, defendant's motion for funds to hire an investigator is **DENIED**.

**SO ORDERED** this 26th day of June, 2008.

*/s/ signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA